## HALE *vs.* HAYS.

E. agreed to sell and convey to the defendant a house and lot for the price of $10,500, subject to the payment of a mortgage thereon for $5000, which the defendant assumed as a part of the purchase money, and agreed to pay the residue, $5500, in ready made clothing. E. was to convey the property free from all incumbrances, except the said mortgage. There being taxes, to the amount of $278.24 which were a lien on the property, and E. being unable to furnish the money to pay said taxes, it was stipulated by a written agreement between the parties that the defendant should retain $650 worth of the clothing, at the invoice price, upon the condition that if E. should pay the taxes within one month from that date, the defendant should deliver the said clothing to E.; but if not paid, within the time, then the defendant

should have a right to pay such taxes, and appropriate the clothing so retained, to his own use, as his indemnity and remuneration for such payment, without accountability therefor. Clothing to the amount of $650 was accordingly selected by the defendant and retained for the above purpose, the balance of the clothing delivered to E., and the conveyance of the property closed. E. failing to pay the taxes, within the time, the defendant paid them, and appropriated the clothing to his own use, claiming that the same was forfeited. In an action brought against him, by the assignee of E. for the conversion:

*Held* 1. That the facts did not present the case of a *pledge;* it being of the essence of such a contract that the thing should be delivered as a security for some *debt* or *engagement;* and that it not appearing that the taxes were assessed against E., or that she was in any manner *liable for the payment thereof,* there was no engagement of E. to which the clothing could attach as a pledge.

2. That the agreement should be regarded as a modification of the original contract of sale, whereby the defendant agreed to take the real estate subject to the taxes, and pay therefor $650 less, in clothing, and gave to E. the option or privilege of acquiring the benefit of the original bargain, by paying the taxes within one month.

3. That an action would not lie against the defendant, for the conversion of the goods; and that the plaintiff was therefore properly nonsuited.

APPEAL from a judgment entered upon the verdict of a jury. In the spring of 1861, one Lucinda Earl agreed to sell and convey to the defendant a house and lot in the city of Brooklyn, for the price of $10,500, upon which there was a mortgage for $5000, which the defendant was to assume as a part of the purchase money, and the residue $5,500, the defendant was to pay in ready made clothing. The defendant had been carrying on a large ready made clothing business in the city of New York for several years, at No. 363 Hudson street. The clothing with which the defendant agreed to pay said Earl was shop worn goods, unsalable in New York city. The goods were selected and invoiced to the amount of $5500, in the defendant's store, and there remained in his actual possession, until after the execution of the agreement, hereinafter mentioned. The said Lucinda Earle had agreed to convey the house and lot, free from all incumbrances except the said mortgage. But there were taxes to the amount of $278.24, which were an

incumbrance on the property, which said Earl was required to pay and discharge, before the transaction could be closed. The parties being desirous to close the transaction, and said Earl being unable to furnish the money to pay said taxes, it was agreed between the parties that the defendant should retain $650 worth of the clothing at the invoice price, upon the condition that if said Earl should pay the taxes within one month from that date, and produce and deliver to the defendant vouchers therefor, the defendant should deliver the clothing to said Earl, but if the taxes should not be paid by said Earl, and vouchers produced and delivered to the defendant within that time, then the defendant should have the right to pay said taxes, and appropriate said clothing so retained to his own use, as his indemnity and remuneration for such payment, without any liability or accountability therefor, in any respect whatever to said Earl or any other party. Thereupon, the agreement was executed and delivered by said Earl to the defendant, and clothing to the amount of $650, according to the invoice price, but of the actual value of only $300, was selected by the defendant to be retained under the foregoing agreement, and the residue was delivered to the said Earl's agent, and the conveyance of the house and lot was closed. Morris J. Earl, the husband of said Lucinda Earl, acted as her agent in all matters connected with said transactions. The said Earl did not pay or cause to be paid the said taxes or any part of them, and after the expiration of the period of one month from the date of the agreement, the defendant paid the taxes. He then sent word to the said agent of Lucinda Earl, that he had paid the taxes, and that said Earl had forfeited the clothing; but if he would repay the defendant, and take the clothing immediately he might have it. Said agent replied that he had not the money to pay with, and could not take the clothing, and thereupon the defendant appropriated the clothing to his own use. Between three and four months after the defendant paid the taxes, the said agent of said

Hale *v.* Hays.

Lucinda Earl called upon him, and stated that he was ready to pay the money and take the clothing. The defendant told him he was too late, that the clothing was forfeited, and he must abide by the contract. This was in July or August, 1861. In December, 1864, this action, which was for the conversion of the goods, was commenced.

The complaint alleged that a portion of said clothing, in value at that time $800, was left in possession of the defendant and pledged to him to secure the payment by said Earl of certain taxes upon said house and lot. That thereafter, and without demand of payment of said taxes or notice to Earl to redeem said clothing, the defendant sold the same at a private sale. That said Earl was not notified of the time, place or manner of said sale, and did not know of it until after it was made and the clothing had been carried away by the purchasers. That said Earl by her agent had demanded the possession of said clothing ; that the defendant had refused to deliver the same and had converted the same to his own use. That the value of said goods had increased in the market to a sum amounting to $2500, to which amount said Earl had been damaged by the defendant's wrongful act in the premises. It also alleged that said Lucinda Earl had set over, assigned and transferred all her claims and demands, including the foregoing, to this plaintiff, who demanded judgment for $2500 and costs.

The defendant, by his answer, admitted most of the above facts, and alleged that after the expiration of one month from the date of the agreement, to wit, on or about the 16th day of April, A. D. 1861, the said taxes and water rates still remaining unpaid, and being still a lien upon the said house and lot, he, the defendant, paid and discharged the said taxes and water rates and the interest thereon, and received a proper voucher for such payment, and thereafter appropriated said clothing so retained and kept by him, to his own use, as his indemnity and remuneration, for such pay-

ment, as he was authorized to do by the said agreement, without any liability or accountability therefor in any respect whatsoever, to said Lucinda Earl or any other party, which last mentioned clothing is the same which is mentioned in said complaint.

The defendant further answering, averred on information and belief that the plaintiff was not the real party in interest in this action ; that this action is prosecuted for the immediate benefit of Lucinda Earl, who is the real party in interest and in whose name this action ought to have been prosecuted.

At the close of the testimony, on the trial, the court held and decided : 1. That the clause in the agreement, precluding Mrs. Earl from any right of redemption after thirty days, was void.

2. That the defendant had no right to appropriate the goods to his own use.

3. That the only question to be submitted to the jury was as to damages.

4. That the plaintiff was entitled to recover the value of the goods at the time of the commencement of the action, with interest to the time of the trial, less $278.24, with interest from April 16, 1861. To which several decisions the defendant excepted, separately.

The plaintiff's counsel requested the court to charge the jury that the defendant, by his own showing, converted the goods, and that the only question for the jury was the amount of damages. The court so charged the jury, and the defendant's counsel excepted. The court having charged according to the foregoing rulings and decisions, the jury rendered a verdict in favor of the plaintiff, against the defendant, for the sum of four hundred dollars.

A motion was made upon the judge's minutes of the trial, to set aside the said verdict and grant a new trial upon the exceptions taken by the defendant's counsel, and for the insufficiency of the evidence to sustain the verdict, and for ex-

cessive damages, which motion was denied by the judge ; to which decision the defendant's counsel duly excepted.

*Charles Cheney*, for the appellant.

*L. A. Fuller*, for the respondent.

*By the Court*, GILBERT, J.   The court on the trial decided that the plaintiff was entitled to recover, on the ground that the clause in the agreement of March 11th, 1861, precluding Mrs. Earl from any right of redemption of the clothing, which is the subject of the action, was void, and instructed the jury to find a verdict in favor of the plaintiff for the value of the clothing.   It is evident that the court regarded the agreement as establishing the relation of pledgor and pledgee, between Mrs. Earl and the defendant ; that the clause of forfeiture therein was unconscionable, and therefore against public policy, and void.   If such was the nature of this agreement, the rule of law applied by the court was correct. (*Story's Bailm.* 345.   2 *Kent's Com.* 583.   *See also Civil Code of* 1865, *Field, Noyes & Bradford*, § 1592 ; 27 *How. Pr.* 267 ; 31 *N. Y. Rep.* 403.)

But we think the facts do not present the case of a pledge. It is of the essence of such a contract, that the thing should be delivered as a security for some debt or engagement. (*Story's Bailm.* 300.)   Giving to the agreement under consideration a reasonable interpretation, Mrs. Earl was under no liability or obligation to the defendant or to any other person to pay the taxes in question.   There is nothing in the language of the agreement importing such liability or obligation.   Nor does the recital in it that the parties had agreed that the defendant should retain the clothing as security for the payment of the taxes, afford sufficient ground for an implication to that effect.   We think it is more in accordance with the intention of the parties, as manifested by their acts and purposes, to regard this agreement as a modification of the original contract of sale, whereby the defendant agreed to take

the real estate subject to the taxes, and pay therefor $650 worth less of clothing, and gave to. Mrs. Earl the option or privilege of acquiring the benefit of the original bargain by paying the taxes within one month. Surely it would have been competent for Mrs. Earl and the defendant to have agreed originally, that the latter should pay one price for the property sold by the former, unincumbered by taxes, or another price, how much less soever it might be, for the same property subject to the taxes. Such a contract would be free from all legal objection. If the vendor should be compelled, by his inability to pay the taxes, to take the lesser price, it could not be said that he had thereby been subjected by the vendor to a forfeiture of the greater. (*See Brooks* v. *Avery,* 4 *Comst.* 225.) It does not appear that the taxes in question were assessed against Mrs. Earl, or that she was in any manner liable for the payment thereof, unless such liability was incurred by the agreement of March 11th, 1861. In the absence of such liability there was no engagement of Mrs. Earl to which the clothing could attach as a pledge. It may be added that Mrs. Earl never acquired a title to the clothing in question. It was to become her property only upon her conveying the real estate free from taxes. The acts of the defendant, which it is claimed prove a delivery of it to Mrs. Earl in pursuance of the original contract of sale, can have no legal effect by implication, beyond the legal rights of the parties. As, therefore, Mrs. Earl was unable to perform this contract on her part, a modification of it became necessary. This was accomplished in the manner, and with the effect before suggested. There was no pledge in fact, nor was any intended, for the simple reason that the property was not Mrs. Earl's but the defendant's. It follows, therefore, that the plaintiff ought to have been nonsuited.

New trial granted.

[KINGS GENERAL TERM, May 7, 1866. *Scrugham, Lott, J. F. Barnard* and *Gilbert,* Justices.]